Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATTI ALVAREZ, | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| | 1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET. SEQ.; |
| v. | |
| BLUESTEM BRANDS, INC. d/b/a FINGERHUT, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

PATTI ALVAREZ ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of California, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Pleasant Hill, California 94523.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with its principal place of business located at 6509 Flying Cloud Drive, Eden Prairie, MN 55344.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

9. Plaintiff has a cellular telephone number.

10. Plaintiff has only used this number as a cellular telephone number.

11. Beginning in September 2014, Defendant called Plaintiff on her cellular telephone, between four (4) to five (5) calls per day, on average.

12. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system.

13. The automated calls would began with a pre-recorded message or voice stating, "Please hold" before speaking to one of Defendant's representatives.

14. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to contact an unknown third party named Gilmar Breiter.

15. In September 2014, Plaintiff spoke with Defendant's representative and told Defendant they had the wrong phone number and to stop calling.

16. In response, Defendant's representative hung up on Plaintiff.

17. Thereafter, Defendant ignored Plaintiff's revocation and call her cellular telephone number.

## **DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

18. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

19. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

20. Defendant's calls to Plaintiff were not made for emergency purposes.

21. Defendant's calls to Plaintiff, on and after September 2014, were not made with Plaintiff's prior express consent.

22. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

23. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

24. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, PATTI ALVAREZ, respectfully prays for a judgment as follows:

All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, PATTI ALVAREZ, demands a jury trial in this case.

Respectfully submitted,

DATED: March 15, 2016      By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff